A. David Benjamin, J.
This was an action tried before the court without a jury. The facts as found are these:
The defendant Dr. Turel performed an operation for the removal of a ganglion cyst on plaintiff’s left wrist at defendant hospital. About midway through the operation Dr. Turel noted that the operating room was warmer than was customary during surgery.
Upon completion of the operation the doctor removed the surgical drapes from plaintiff’s arm and discovered a burn of second degree intensity adjacent to the operative area. The customary and usual treatment for such a condition was immediately undertaken by Dr. Turel.
Plaintiff thereafter was compelled to undergo extensive treatment for- the burn, additional hospitalization was required and a skin grafting operation was performed. He has been left with a 15% loss of motion in the wrist with broad scarring and impaired sensation in the burned area. These conditions are permanent. Plaintiff is a superintendent in an apartment house and requires the use of his arms in his daily tasks.
The cause of the injury to the plaintiff was a defective surgical lamp used in the operating room and focused on plaintiff’s arm. The hospital operating room manager testified in an examination before trial submitted in evidence that several months prior to the time that plaintiff was injured the light resistor was removed from the surgical lamp in question and was replaced after plaintiff was burned. The light resistor is a blue sheath placed over the bulb in a surgical lamp and diffuses heat generated by the bulb.
At the conclusion of all the evidence all third-party actions were dismissed as was the action against the defendant American Sterilizer Co. The defendant hospital having had many months ’ notice and knowledge of the defective condition of the lamp was found guilty of negligence.
Decision was reserved on the motion to dismiss made by Dr. Turel at the close of the case. No proof was adduced at the trial to show that the operative procedure followed by Dr. Turel was other than that customarily utilized for the surgical inter *712 vention required. As the surgeon in charge of the operation Dr. Turel concentrated on the task before him. Even slight deviation from his primary concern could cause unfortunate effects. Though aware that the room was unnecessarily warm, Dr. Turel in sterile surgical attire and wearing rubber gloves which are heat resistant could not feel the effects of a constant beam of light nor could he see the area of the burn since it was encumbered by the surgical drapes. No negligence attaches to him.
The action is dismissed as against Dr. Turel. Judgment is directed against the defendant hospital and in favor of the plaintiff for $8,500.
Enter judgment accordingly.